UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

KENNETH WHEATON and
THOMAS ROSENBERGH,

                Plaintiffs,

v.

CITY OF SOUTHFIELD,

                Defendant.
_____/

Case No. 24-cv-
Hon.

ERIC STEMPIEN (P58703)
STEMPIEN LAW, PLLC
Attorneys for Plaintiffs
38701 Seven Mile Rd., Suite 445
Livonia, MI 48152
(734)744-7002
eric@stempien.com
_____/

## COMPLAINT AND JURY DEMAND

Plaintiffs, Kenneth Wheaton and Thomas Rosenbergh, by and through their attorneys, Stempien Law, PLLC, hereby complain against Defendant City of Southfield, and in support thereof state:

1. Plaintiff Kenneth Wheaton ("Wheaton") is a resident of the Township of Orion, Oakland County, Michigan.

2. Plaintiff Thomas Rosenbergh ("Rosenbergh") is a resident of the City of Howell, Livingston County, Michigan.

1

3. Defendant City of Southfield ("Southfield" or "Defendant") is a governmental entity and political subdivision of the State of Michigan located in Oakland County, Michigan.

4. Jurisdiction is vested with this Court pursuant to 29 USC §2601, et. seq. and 28 USC §1331.

## COMMON ALLEGATIONS

5. Wheaton is employed as a battalion chief for the City of Southfield Fire Department; he has been employed with Defendant since 1999.

6. Wheaton suffers from degenerative disc disease in his spine which has resulted in multiple herniated spinal discs.

7. In March 2023, Wheaton applied for an intermittent medical leave pursuant to the Family Medical Leave Act (FMLA).

8. Wheaton's application for intermittent FMLA leave was approved by Defendant in March 2023.

9. In or about May 2024, Wheaton received correspondence from Defendant indicating that Southfield required updated FMLA forms from Wheaton's physician regarding his need for intermittent leave.

10. Wheaton had his physician complete the requested forms and return them to the Defendant.

11. On June 21, 2024, Southfield sent Wheaton notice to attend an examination with a physician hired by Defendant regarding his FMLA leave. That medical examination occurred on July 12, 2024.

12. Despite multiple requests, Southfield has refused to provide a copy of its physicians' report to Wheaton or his labor union representatives.

13. On June 19, 2024, Wheaton agreed to work 12 hours of overtime, working the 7:00 p.m. to 7:00 a.m. shift.

14. The night of June 19, 2024 into the morning of June 20, 2024, the Southfield Fire Department received approximately 125 service calls due a series of thunderstorms that struck the City of Southfield.

15. From the start of his shift until 3:30 a.m., Wheaton spent significant time in his command vehicle driving from service call to service call.

16. Due to the storms, there was significant debris in the roadways throughout the city; Wheaton spent a lot of his shift lifting, moving and throwing large tree limbs and branches.

17. When he returned to his station at approximately 3:30 a.m. on June 20, 2024, Wheaton tried to go to sleep.

18. However, Wheaton's disc disease began flaring up and he was suffering pain and significant stiffness.

19. Wheaton had a regularly scheduled shift from 7:00 a.m. until 7:00 p.m. on June 20, 2024.

20. At approximately 6:30 a.m. on June 20, 2024, Wheaton informed his captain that he needed to use eight hours of FMLA leave that day in order to allow his back to rest and hopefully relieve the stiffness.

21. Wheaton required the use of his pain medications and muscle relaxers that morning in order to relieve his symptoms.

22. Defendant has a policy that does not allow firefighters to work when they are under any influence of opiate medications.

23. Wheaton returned to work at 3:00 p.m. on June 20, 2024, thereby using eight hours of his approved FMLA intermittent leave.

24. On September 10, 2024, Defendant issued disciplinary action against Wheaton for allegedly being "untruthful … by calling off work sick, when he was not unable to work his scheduled shift due to … his intermittent FMLA certified condition".

25. Defendant's disciplinary action was based on patently false information; Wheaton was unable to work for the first eight hours of his scheduled shift due to his intermittent FMLA certified condition.

26. Defendant's disciplinary action was retaliation for Wheaton's use of his FMLA leave.

27. Rosenbergh is employed as a firefighter with the City of Southfield Fire Department; he has been employed with the Defendant since 1999.

28. Rosenbergh suffers from a rotator cuff condition in his right shoulder that has resulted in multiple surgeries.

29. Rosenbergh also suffers from a condition in his cervical spine that has resulted in an injury to one or more spinal discs in his spine.

30. Approximately three years ago, Rosenbergh applied for FMLA intermittent leave due to his serious health conditions.

31. Plaintiff's FMLA intermittent leave request was approved by Defendant and has been renewed and approved each year since the initial approval.

32. On June 23, 2024, Rosenbergh was suffering from a flare-up of his shoulder and neck conditions.

33. As a result of these flare-ups, Plaintiff provided proper notice to Defendant that he would be unable to work on June 23, 2024 due to his FMLA-approved medical conditions.

34. On September 10, 2024, Defendant issued disciplinary action against Rosenbergh for allegedly being "untruthful … by calling off work sick, when he was not unable to work his scheduled shift due to … his intermittent FMLA certified condition".

35. Defendant's disciplinary action was based on patently false information; Rosenbergh was unable to work for his scheduled shift due to his intermittent FMLA certified condition.

36. Defendant's disciplinary action was retaliation for Rosenbergh's use of his FMLA leave.

## COUNT I
## VIOLATION OF FMLA – INTERFERENCE

37. Plaintiffs hereby incorporate by reference all previous paragraphs of this Complaint as if fully set forth herein.

38. Wheaton and Rosenbergh were eligible employees as that term is defined by the FMLA.

39. Southfield is a covered employer as that term is defined by the FMLA.

40. Wheaton's and Rosenbergh's requested medical leaves were protected by the FMLA.

41. Defendant interfered with Plaintiffs' rights under the FMLA by failing and refusing to allow their FMLA leave, and instead disciplining them for their use of their intermittent FMLA leave.

42. As a direct and proximate result of Defendant's interference with Plaintiffs' FMLA rights, Plaintiffs suffered damages, including, but not limited to: wage loss, lost employment benefits and lost pension benefits, plus interest, costs and attorney fees as allowed by statute.

43. Further, because Defendant's violation of FMLA was not in good faith and Defendant did not have reasonable grounds for believing that the discipline was not a violation of FMLA, Plaintiffs are entitled to an award of liquidated damages pursuant to 29 USC §2617(a)(1).

## COUNT II
## VIOLATION OF FMLA – RETALIATION/DISCRIMINATION

44. Plaintiffs hereby incorporate by reference all previous paragraphs of this Complaint as if fully set forth herein.

45. By disciplining Plaintiffs, Southfield retaliated and/or discriminated against Plaintiffs for exercising their FMLA rights.

46. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiffs suffered damages as fully set forth in paragraphs 27 and 28 of this Complaint.

WHEREFORE, Plaintiffs Kenneth Wheaton and Thomas Rosenbergh pray that this Honorable Court:

a. enter a judgment in their favor against Defendant City of Southfield in an amount that this Court deems fair and just,

b. enter a preliminary injunction against the City of Southfield enjoining it from issuing any discipline against Plaintiffs for their use of their approved FMLA intermittent leaves,

 c. enter a permanent injunction against the City of Southfield enjoining it from issuing any discipline against Plaintiffs for their use of their approved FMLA intermittent leaves,

 d. award Plaintiffs all costs and attorney fees incurred in prosecuting this action,

 e. award Plaintiffs liquidated damages as allowed by statute.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of the within cause.

             STEMPIEN LAW, PLLC

             */s/ Eric Stempien*
             By: Eric Stempien (P58703)
             Attorney for Plaintiffs

Dated: October 29, 2024